UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CIVIL ACTION NO.: 1:21-cv-00649

Rafael Navarro, on behalf of himself and others similarly situated,
    Plaintiff,

v.

Aspen Anesthesia, Inc.,
    Defendant

**COMPLAINT AND JURY DEMAND**
**(15 U.S.C. §§ 1692-1692p)**

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.* Defendant, a corporation providing anesthesiology services to patients, while using a name other than its own, sent debt collection letters to debtors to recover their overdue medical bills. Attempting to collect in a name other than its own made Defendant a "debt collector" for purposes of the FDCPA and thus liable to comply with the obligations of that Act. Defendant did not comply.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claim(s), if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## PARTIES

4. Plaintiff RAFAEL NAVARRO is a natural person residing in Carbondale, Garfield County, Colorado.

5. Defendant ASPEN ANESTHESIA, INC. ("ASPEN") is a corporation organized under the laws of the state of Colorado and its principal place of business is located at 400 E. Main St. Ste. 2, Aspen, Pitkin County, CO 81611. ASPEN may be served as follows: Aspen Anesthesia, Inc. c/o its registered agent, Peter Van Domelen, 400 E. Main St. Ste. 2, Aspen, CO 81611-2919.

# FACTUAL ALLEGATIONS

6. Plaintiff was a patient of Defendant, whose principal, Jon C. Beck, M.D., performed medical services for Plaintiff on or about May 15, 2020. At all relevant times, Defendant has alleged Plaintiff owes Defendant a debt in the amount of $3,150.00 arising from those medical services.

7. From August 10, 2020 through November 5, 2020, Defendant, through its third-party billing service provider, Monox Billing Service, mailed Plaintiff four separate invoices and statements demanding payment for $3,150.00. On December 2, 2020, Defendant, again through Monox Billing Service, mailed Plaintiff an invoice demanding payment for $3,150.00. The invoice showed Plaintiff's debt to be "121+ DAYS" delinquent. The invoice was attached to a debt collection letter entitled "FINAL NOTICE," which read:

> "I am writing you today since our repeated requests for payment have been ignored . . . We are unable to extend you any more time for payment on your outstanding balance of $3,150.00 . . . I am deliberately withholding any action on your account for the next <u>ten days</u> to give you the opportunity to address your overdue balance . . . If we do not receive any response from you, we will be forced to turn your account over to our collection agency."

8. Defendant's December 2, 2020 debt collection letter entitled "FINAL NOTICE" purported to be from "<u>Eric Willsky MD, A Med Corp</u> c/o Monox Billing Service." Eric Willsky MD, A Med Corp is an entity that does not exist.

9. Eric Willsky, M.D., A Medical Corporation was once registered under California Secretary of State corporate ID number C1037250, but it was merged out of existence on November 11, 2007. The surviving entity became Eric Willsky, M.D., P.C. registered under Colorado Secretary of State corporate ID number 20071478214.

10. Eric Willsky, M.D., P.C. ceased to exist when its name was changed on November 8, 2018 to Aspen Anesthesia, Inc. Upon information and belief, Jon C. Beck, M.D., on or before November 8, 2018, acquired Eric Willsky, M.D., P.C. from Eric M. Willsky, M.D., and changed the name to Aspen Anesthesia, Inc.

11. Upon information and belief, Aspen Anesthesia, Inc., since November 8, 2018, has been sending debt collection letters under the name "Eric Willsky, MD, A Med Corp" to consumers without including in those letters the verification and validation notices required by 15 U.S.C. § 1692g(a).

## VIOLATIONS OF THE FDCPA
## (15 U.S.C. §§ 1692, *ET. SEQ.*)

12. At all relevant times, Defendant has alleged Plaintiff owes Defendant $3,150.00 for medical services. Defendant's attempt to collect that amount is the subject of this action. Plaintiff is thus a "consumer" **(15 U.S.C. § 1692a(3))**, and Plaintiff's alleged obligation to pay Defendant is thus a "debt" **(15 U.S.C. § 1692a(5))** for purposes of the FDCPA.

13. At all relevant times, Defendant attempted to collect the debt from Plaintiff by sending debt collection letters to Plaintiff in a name other than Defendant's own name. Defendant's letters indicated that a third person, "Eric Willsky, MD, A Med Corp" with a return address in "Irvine, CA," was attempting to collect the debt on behalf of "Jon C. Beck, MD" and "Aspen Anesthesia, Inc." Defendant is thus a "debt collector" **(15 U.S.C. § 1692a(6))** for purposes of the FDCPA.

## COUNT I

**(15 U.S.C. § 1692g(a))**

14. **Failing to Provide Validation and Verification Disclosures:** Pursuant to 15 U.S.C. § 1692g(a), a debt collector within 5 days after the initial communication with a consumer in connection with the collection of any debt must send the consumer a written notice containing a statement that the debt will be assumed valid unless disputed and a statement that the consumer has 30 days to dispute the debt and/or request verification. Despite repeated communications with Plaintiff in connection with the collection of a debt, Defendant never provided these notices to Plaintiff. Defendant thus violated 15 U.S.C. § 1692g(a).

## COUNT II

### (15 U.S.C. § 1692e(11))

15. **Failing to Disclose that Defendant is a Debt Collector:** Pursuant to 15 U.S.C. § 1692e(11), it is false, deceptive and misleading for a debt collector not to disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and any information obtained will be used for that purpose. It is similarly false, deceptive and misleading for a debt collector not to disclose in all subsequent communications that the communication is from a debt collector. Defendant never provided these notices to Plaintiff. Defendant thus violated 15 U.S.C. § 1692e(11).

## COUNT III

### (15 U.S.C. § 1692e(14))

16. **Using a Name Other than the True Name of the Debt Collector:** Pursuant to 15 U.S.C. § 1692e(14), it is false, deceptive and misleading for a debt collector to use a business, company or organization name other than the true name of the debt collector's business, company or organization. Defendant's debt collection letters to Plaintiff used the name of a business that does not exist. Defendant thus violated 15 U.S.C. § 1692e(14).

17. Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay the debt. At no time did

Defendant, upon information and belief, have written policies and procedures in place reasonably adapted to prevent these violations.

18. Defendant's conduct at all times created a real risk of financial harm to Plaintiff. Defendant misrepresented the name of the entity to whom the debt should be paid, thereby misleading Plaintiff and/or creating doubt in Plaintiff's mind as to whether payment directed to this entity would in fact be properly credited. The threat that payment could be misdirected or misapplied frustrated Plaintiff's course of action and caused Plaintiff to delay payment to Plaintiff's detriment. Defendant's misrepresentation created the real harm of causing Plaintiff emotional distress to the extent that Plaintiff was fearful of losing money by paying the wrong entity. Defendant's incorrect and misleading information otherwise violated both Plaintiff's procedural and substantive rights under the FDCPA.

19. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of a Class of all other persons similarly situated pursuant to pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiff tentatively defines the Class as –

    (i)    all persons residing in Colorado;

    (ii)    to whom Defendant sent debt collection letters using a name other than its own;

    (iii)    in an attempt to collect a debt;

    (iv)    that was incurred primarily for personal, family or household purposes;

    (v)    during the period beginning one year prior to the commencement of this action through the date of class certification; and

    (vi)    that failed to disclose Defendant was a debt collector, that failed to disclose Defendant was attempting to collect a debt and any information obtained would be used for that purpose, that failed to disclose the consumer had a right to dispute the debt and/or that failed to disclose the consumer had a right to obtain verification and validation of the debt.

22. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impractical. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

23. <u>Commonality</u>: Class treatment will generate common answers apt to drive resolution of the litigation. The Class members have suffered the same legal injury; that is, Defendant, in violation of the FDCPA, failed to give required disclosures to consumers in debt collection letters. The injury is capable of resolution on a class-wide basis.

24. <u>Typicality</u>: The claims of Plaintiff are reasonably co-extensive with those of the unnamed Class members. Plaintiff was subjected to the same violations of the FDCPA as the unnamed Class members. Maintenance of a class action is economical, and Plaintiff's claim and the Class claims are so interrelated that the interests of the Class members will be fairly and adequately protected in their absence.

25. <u>Adequacy of Representation</u>: Neither Plaintiff nor his counsel have any conflicts of interest with other Class members. Plaintiff, a member of the Class with the same interest and injury as the Class, and his counsel will prosecute this action vigorously on behalf of the Class.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a)     Assume jurisdiction in this proceeding;

b)     Certify this litigation to proceed as a class action, pursuant to Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c)     Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e(11), e(14) and g(a);

d)     Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

e)     Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

f)     Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2);

g)     Award Plaintiff and the Class the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

h)     Award Plaintiff and the Class such other and further relief deemed proper and just.

# JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

| | |
|---|---|
| Dated: <u>3/4/2021</u> | Respectfully Submitted, |
| | <u>/s/ Hunter H. Hoestenbach</u> |
| | Hunter H. Hoestenbach, Esq. |
| | California Bar No. 249130 |
| | 550 W. B St. Fl. 4 |
| | San Diego, CA 92101-3537 |
| | Tel.: 619.940.4868 | Fax: 619.363.4631 |
| | E-mail: Hunter@HoestenbachLaw.com |